UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| RICHARD M. CULLEN and MARY C. CULLEN, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF ST. IGNACE a/k/a CITY OF SAINT IGNACE, et al <br><br> Defendants. | Case No. 2:21-cv-00076 <br><br> HON. HALA Y. JARBOU <br><br> MAG. JUDGE PHILLIP J. GREEN |

_____

| | |
|---|---|
| GARY T. MIOTKE (P41813) <br> Attorney for Plaintiffs <br> 6828 Park Avenue <br> Allen Park, MI 48101 <br> (313)-388-4809 <br> gmiotke@miotkelawoffice.com <br><br> LAURI B. STEWART (P55014) <br> KERR RUSSELL AND WEBER, PLC <br> Attorneys for Defendants, County <br> of Mackinac and Strait <br> 500 Woodward, Ste. 2500 <br> Detroit, MI 48226 <br> (313)-961-0200 <br> kstewart@kerr-russell.com | M. SEAN FOSMIRE (P31737) <br> KITCH DRUTCHAS WAGNER <br> VALITUTTI & SHERBROOK <br> Attorney for City of St. Ignace, <br> Brown, Long, and Litzner <br> 1440 West Ridge Street, Suite C <br> Marquette, MI 49855 <br> (906)-228-0001 <br> sean.fosmire@kitch.com |

_____

**PLAINTIFFS' RESPONSE TO SHOW CAUSE ORDER REGARDING FILING OF AMENDED COMPLAINT**

The Plaintiff's Amended Complaint and Demand for Jury Trial ("Amended Complaint") (ECF No. 23) should **not** be stricken. Additionally, this Honorable Court should direct the Clerk's Office to process and to issue the Summons filed by the Plaintiffs directed to prospective Defendant, CARYN MARIE MICHALAK ("Ms. Michalak") (ECF No. 24). This is true for at least the following three (3) reasons.

1

I. The Show Cause Order was incorrectly premised on the idea that all of the Defendants answered the Plaintiff's Complaint on June 22, 2021 such that the Plaintiffs improperly filed their Amended Complaint two days late on July 13, 2021.  Since several of the Defendants answered the Complaint on June 25, 2021, and other Defendants had *not* yet answered the Complaint as of July 15, 2021, the Amended Complaint was actually filed one day early on July 15, 2021.

The Show Cause Order ("Order") is premised on an incorrect statement of fact.  The Order says that "the Defendants" answered the Plaintiff's Complaint and Demand for Jury Trial ("Complaint") (ECF No. 1) on June 22, 2021.  As such, the Order concluded that the Plaintiffs filed the Amended Complaint two days late where it was filed on July 15, 2021 instead of being filed within 21 days of June 22, 2021, namely on or before July 13, 2021.  See Order, ECF No. 25, PageID.201.

There are or have been nine (9) Defendants or prospective Defendants in this case falling into three (3) categories:

(1) The four (4), "City Defendants": CITY OF ST. IGNACE a/k/a CITY OF SAINT IGNACE ("City"), ANTHONY D. BROWN, DARCY D. LONG, and CONSTANCE A. LITZNER;

(2) The two (2), "County Defendants": COUNTY OF MACKINAC and SCOTT A. STRAIT; and

(3) The three (3), "Team of 3 Defendants": Defendant, MELISSA WATSON ("Ms. Watson"), PHIL SMITH ("Mr. Smith"), and CARYN MARIE MICHALAK ("Ms. Michalak"). See Complaint, ECF No. 1, PageID.2-4 and Amended Complaint, ECF No. 23, PageID.163-165.

***Only*** the County Defendants answered the Complaint ***on June 22, 2021***.  See County Defendants' Answer, ECF No. 19 and County Defendants' Affirmative Defenses ECF No. 20.

*The City Defendants answered the Complaint **on June 25, 2021***.  See City Defendants' Answer and Affirmative Defenses ECF No. 21.

2

The Team of 3 Defendants (at that point meaning only Ms. Watson and Mr. Smith) had *not* yet answered the Complaint as of July 15, 2021.

Thus, assuming that the Plaintiffs had 21 days to file it after the filing of a responsive pleading, the Amended Complaint was actually filed one day early on July 15, 2021.

II. The filing of the Amended Complaint on July 15, 2021 complied with FRCP 15(a)(1)(B).

FRCP 15(a)(1)(B) states in pertinent part:

**(a) Amendments Before Trial.**
**(1)** *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
**(A)** 21 days after serving it, or
**(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

FRCP 15(a)(1)(B) (emphasis added).

Since the Amended Complaint was filed within 21 days of the service of the City Defendants' Answer and Affirmative Defenses, the filing of the Amended Complaint on July 15, 2021 complied with this rule. Specifically, the Amended Complaint was timely filed 20 days after the service of the City Defendants' Answer.

This conclusion is clearly correct based on the text of FRCP 15(a). The City Defendants' Answer and Affirmative Defenses was "a responsive pleading". Hence, the Plaintiffs had the right to file their Amended Complaint within 21 days of being served with it.

Further, this conclusion is supported by case law. The court in Villery v. District of Columbia, 277 FRD 218 (D.D.C. 2011) explained:

A complaint is a pleading to which a responsive pleading is required. Fed. R. Civ. P. 7(a)(2). Therefore, under Rule 15(a)(1)(B), a party has an absolute right to amend its complaint at any time from the moment the complaint is filed until 21 days after the earlier of the filing of a responsive pleading or a motion under Rule 12(b), (e), or (f). *Stone v. Dewey*, No. 10-cv-159, 2011 U.S. Dist. LEXIS 76249, 2011 WL 2784595, at *6 (N.D. Fla. July 14, 2011) (citing *James V. Hurson Assocs., Inc. v. Glickman*, 229 F.3d 277, 283, 343 U.S. App. D.C. 313 (D.C. Cir.

3

2000))). In cases involving multiple defendants, a plaintiff may file an amended complaint as of right concerning only those defendants who, at the time the plaintiff files his amendment, have not yet filed an answer or a Rule 12(b), (e), or (f) motion, as well as those defendants who, at the time the plaintiff files his amendment, have filed an answer or a Rule 12(b), (e), or (f) motion, but who have made that filing exactly or fewer than 21 days before the plaintiff files his amendment. In other words, the plaintiff may *not* file his amendment as a matter of right concerning those defendants who filed an answer or a Rule 12(b), (e), or (f) motion more than 21 days before the plaintiff attempts to make such a filing. *See Scott-Blanton v. Universal City Studios Productions, LLP*, 244 F.R.D. 67, 69 (D.D.C. 2007) (analyzing a previous formulation of Rule 15, which defined the right to amend once as a matter of course by reference only to the filing of a responsive pleading and which terminated that right upon the filing of a responsive pleading, and concluding that "[i]f there is more than one defendant, and not all have served responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer.").

Villery v. District of Columbia, 277 FRD 218, *2-*4 (D.D.C. 2011).

Notably, this interpretation and application of FRCP 15(a)(1)(B) is and has been the norm in cases involving multiple defendants.

This is and has been true since FRCP 15 was amended in 2009.  See Exhibit 1, *Dewald v. Clinton*, 2010 U.S. Dist. LEXIS 19762, *4 (E.D. Mich. 2010)(unpublished); Exhibit 2, *Morsheiser Family Revocable Living Trust v. Anshultz Exploration Corp.*, 2012 U.S. Dist. LEXIS 141700, *2-*3 (N.D. Ohio 2012)(unpublished) ; Exhibit 3, *Cosulich v. Specialty Fuels Bunkering, LLC,* 2014 U.S. Dist. LEXIS 79183, *9-*10 (S.D. Ala. 2014)(unpublished) ; Exhibit 4, *Crump v.Tcoombs & Assocs.*, 2014 U.S. Dist. LEXIS 133854, *14-*15, fn. 4 (E.D. Virg. 2014)(unpublished)  ; Exhibit 5, *Culver v. Lithia Motors, Inc.*, 2016 U.S. Dist. LEXIS 186781, *20-*23 (D. N.M. 2016)(unpublished) ; Exhibit 6, *Isaac v. Trs. of Dartmouth College*, 2017 U.S. Dist. LEXIS 103998, *2-*3 (D. N.H. 2017)(unpublished); and Exhibit 7, *Elkins v. Extreme Prods. Group*, 2021 U.S. Dist. LEXIS 64844, *8-*9 (E.D. Ky. 2021)(unpublished) .

This was also true before FRCP 15 was amended in 2009.  See Williams v. Bd. of Regents, 477 F.3d 1282, 1291-2 (11th Cir. 2007);  Brewer-Giorgio v. Producers Video, Inc., 216 F.3d 1281, 1284-5 (11th Cir. 2000); Barksdale v. King, 699 F.2d 744, 747 (5th Cir. 1983); In re

4

National Mortg. Equity Corp. Mortg. Pool Certificates Sec. Litigation, 682 F. Supp. 1073, 1079 fn. 10 (C.D. Cal. 1987); Bradbury v. Teissier-duCros, 387 F. Supp. 2d 1167, 1177 (D. Kan. 2005)477 F.3d 1282, (11th Cir. 2007); and Scott-Blanton v. Universal Studios Prods. LLLP, 244 FRD 67, 69 (D.D.C. 2007).

Consistent with the foregoing authority, the Amended Complaint does not contain substantive amendments pertaining to the County Defendants. See generally and compare Complaint, ECF No. 1 and Amended Complaint, ECF No. 23.

Instead, its focus is on some minor things pertaining to the City Defendants and some major things pertaining to the Team of 3 Defendants. See generally and compare Complaint, ECF No. 1 and Amended Complaint, ECF No. 23. For example, consistent with the City Defendants' Answer and Affirmative Defenses, it states the City's name as "CITY OF ST. IGNACE a/k/a CITY OF SAINT IGNACE". See Amended Complaint, ECF No. 23. PageID.163. Meanwhile, with respect to the Team of 3 Defendants, and among other things, it adds Ms. Michalak as a Defendant and alleges that she may have created and/or pretended to be the other Team of 3 Defendants (i.e. Ms. Watson and Mr. Smith) "to conceal her own identity and her own wrongful acts." See Id. at PageID.165.

Accordingly, based on FRCP 15(a)(1)(B), the Amended Complaint was properly filed on July 15, 2021.

III. In the alternative to I. and II above, the Court should either (A) treat the filing of the Amended Complaint as proper based on leave granted or (B) grant the Plaintiffs leave to file the Amended Complaint. The City Defendants and the County Defendants have already indicated that they would stipulate to option (A). Further, if the Court is not inclined to permit option (A), then option (B) would be consistent with this.

The Plaintiffs think that their above arguments and analysis are correct.

5

However, if this Court disagrees with the Plaintiffs, then the Court should either (A) treat the filing of the Amended Complaint as proper based on leave granted or (B) grant the Plaintiffs leave to file the Amended Complaint.

After the Plaintiffs filed their Amended Complaint, counsel for the City Defendants sent Plaintiff's counsel an email stating: "I note the filing of the amended complaint but there was no motion/order and no stipulation. I will agree to sign a stipulation, even after the fact." See Exhibit 8.[1]

Counsel for the County Defendants replied to this email with "same". See Exhibit 8.

That the counsel for the Defendants who have appeared are willing to stipulate to relief consistent with the filing of the Plaintiffs' Amended Complaint shows that what the Plaintiffs have requested in the alternative pursuant to this III. is a reasonable and appropriate way for this Court to address this matter. This is especially true given the lack of prejudice to any parties and the fact that this matter is still in its very early stages.

                                                Respectfully submitted,

DATED: July 26, 2021                        S/ GARY T. MIOTKE
                                                GARY T. MIOTKE (P41813)
                                                Attorney for Plaintiff

---

[1] After Plaintiff's counsel thanked the City Defendants' counsel for his graciousness, but explained his positon, counsel for the City Defendants stated: "It just seems that June 25 was a long time ago... ". See Exhibit 9.

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 26, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: M. SEAN FOSMIRE and LAURI B. STEWART, and I hereby certify that I have served by United States Postal Service the paper to the following non-ECF participants: none.

DATED: July 26, 2021                       S/ GARY T. MIOTKE
                                                GARY T. MIOTKE (P41813)
                                                Attorney for Plaintiff