UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD M. CULLEN, et al.,

    Plaintiffs,

v.

CITY OF ST. IGNACE, et al.,

    Defendants.
_____/

Case No. 2:21-cv-76

Hon. Hala Y. Jarbou

**ORDER**

    Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure permits amendment of a pleading once as a matter of course within 21 days "after service of a responsive pleading." All other amendments require the opposing party's consent or the Court's leave.

    Plaintiffs filed an amended complaint without leave on July 15, 2021, more than 21 days after some of the defendants had responded, so the Court required Plaintiff to show cause why the Court should not strike the amended complaint. Plaintiffs also filed a proposed summons regarding Defendant Caryn Marie Michalak. The Clerk's office has not processed that summons because Plaintiffs' amended complaint appears to be improper under Rule 15.

    Plaintiffs respond that their amended complaint is proper because it contains no substantive amendments as to those defendants who first responded. According to Plaintiffs, they can file an amended complaint as a matter of right concerning only those defendants who have not yet responded (or who had not yet responded 21 days before Plaintiffs filed their amended complaint). Alternatively, Plaintiffs ask for the Court's leave to amend.

    There is no consensus on how to interpret Rule 15(a)(1) in these circumstances. *Cf. Wilkie v. CTW Acquisition, LLC*, No. 16-cv-1784, 2017 WL 10505349, at *3 (D. Minn. July 25, 2017)

(holding that "the 21-day period to amend the complaint begins to run when the first responsive pleading or Rule 12(b) motion to dismiss is filed, and that time limit does not reset when a different defendant files a later response"); *Hunter v. Holsinger*, No. 5:15-cv-00043, 2016 WL 1169308, at *6 (W.D. Va. Feb. 19, 2016) ("[T]he rules are clear that the filing of any responsive pleading or motion triggers the deadline for amendment of the entire complaint."); 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1481 (3d ed.) ("[I]f only some defendants file responsive pleadings, plaintiff still should be governed by the 21-day amendment period in Rule 15(a)(1)(A) for pleading amendments regarding the nonresponding defendants.") *with Villery v. Dist. of Columbia*, 277 F.R.D. 218, 219 (D.D.C. 2011) ("In cases involving multiple defendants, a plaintiff may file an amended complaint as of right concerning only those defendants who, at the time the plaintiff files his amendment, have not yet filed an answer . . . , as well as those defendants who . . . have filed an answer . . . , but who have made that filing exactly or fewer than 21 days before the plaintiff files his amendment.").

The Court is inclined to agree with the view expressed in *Wilkie* and *Hunter*, making Plaintiffs' amended complaint improper. Nevertheless, because leave to amend is to be "freely given" and because there is no indication that any party will be prejudiced by Plaintiffs' amendments to the complaint, the Court will allow it. Accordingly,

**IT IS ORDERED** that the Clerk of the Court shall process and may issue the summons filed by Plaintiffs regarding Defendant Caryn Marie Michalak (*see* ECF No. 24).

Dated: July 27, 2021 /s/ Hala Y. Jarbou
HALA Y. JARBOU
UNITED STATES DISTRICT JUDGE